| | |
|---|---|
| 1 | Ronald P. Oines (State Bar No. 145016) |
|   | email: roines@rutan.com |
| 2 | Chelsea A. Epps (State Bar No. 261026) |
|   | email: cepps@rutan.com |
| 3 | RUTAN & TUCKER, LLP |
|   | 611 Anton Boulevard, Fourteenth Floor |
| 4 | Costa Mesa, California 92626-1931 |
|   | Telephone: 714-641-5100 |
| 5 | Facsimile: 714-546-9035 |
| 6 | Attorneys for Plaintiff PIPE RESTORATION |
|   | TECHNOLOGIES, LLC |

FILED
2011 FEB 18 PH 4:15
CLERK U.S. ...
CENTRAL ...

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES, LLC, a Nevada Limited Liability Company, | Case No. SACV11-00296 DOC (FFMx) |
| Plaintiff, | **COMPLAINT FOR INJUNCTION AND DAMAGES FOR:** |
| vs. | (1) PATENT INFRINGEMENT |
| COAST BUILDING & PLUMBING, INC., a California Corporation d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC; ROY TERRY, an individual; and DOES 1 through 10, inclusive, | (2) FEDERAL UNFAIR COMPETITION [LANHAM ACT] |
|   | (3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND 17500 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff PIPE RESTORATION TECHNOLOGIES, LLC ("Plaintiff"), for itself alone in its Complaint against defendants COAST BUILDING & PLUMBING, INC. d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC. ("Coast Building"), ROY TERRY and DOES 1 through 10, inclusive (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action involving claims of patent infringement under Title 35, United States Code, unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and claims for unfair competition under California statutory law. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has jurisdiction over Plaintiff's related claims based on state law pursuant to 28 U.S.C. § 1367.

2.  Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and (c), as Defendants reside in this judicial district, and a substantial part of the events, omissions and acts which are the subject matter of this action occurred within the Central District of California, and a substantial part of the property that is the subject of the action is located in the Central District of California.

## THE PARTIES

3.  Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 7477 W. Lake Mead Blvd., Suite 170, Las Vegas, NV 89128.

4.  Plaintiff is informed and believes, and thereon alleges, that defendant Coast Building is a California corporation having its principal place of business located at 2911 E. Miraloma Ave., Unit 31, Anaheim, CA 92806. Plaintiff is also informed and believes that Coast Building does business as "Pipeline Restoration," "Pipeline Restoration Services" and "Pipeline Restoration Services, Inc."

5.  Plaintiff is informed and believes, and thereon alleges, that defendant

Roy Terry is the owner and President of Coast Building, and controls all aspects of the business of Coast Building.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

7. Plaintiff alleges on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

8. Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## PLAINTIFF'S BUSINESS

9. Plaintiff developed and owns a proprietary system for cleaning and reconditioning pipelines, as well as coating pipelines to prevent corrosion and/or stop leaks, together with other related repairs and services. This process uses a proprietary epoxy. Plaintiff's process involves cleaning, drying and then sanding the interior of the pipeline. An epoxy is then air-blown to coat the interior of the pipeline. Plaintiff's epoxy is NSF® certified for use in all of the applications in which it is used. The NSF® approval process is a rigorous one in which the applicant is required to specify the actual product formulation and product

conditions of use, such as the type of product, pipe diameter, water contact temperature, cure time and temperature, and any pre- or post-curing conditions. If the product passes the rigorous approval process, it is approved only as to the information and conditions specified by the applicant.

10. Plaintiff owns intellectual property relating to its business. For example, on December 28, 2010, the USPTO issued United States Patent no. 7,858,149, entitled "Methods and Systems for Coating and Sealing Inside Piping Systems" ("the '149 Patent"). Plaintiff owns all rights, title and interest in the '149 Patent.

11. Defendants have had actual knowledge of the '149 Patent since approximately December 28, 2010, when Defendants received and read an announcement from Plaintiff regarding the issuance of the '149 Patent. Additionally, Plaintiff properly marks its goods and services with the '149 Patent.

**DEFENDANTS' BUSINESS, INFRINGEMENT AND FALSE ADVERTISING**

12. On information and belief, Defendants are in the business of, among other things, plumbing. As part of their plumbing operations, Defendants offer an epoxy-based pipe restoration process that is similar in some respects to Plaintiff's process described above. Defendants compete with Plaintiff and its licensees for pipe restoration work in small diameter, potable water applications.

13. In connection with advertising their pipe restoration services, Defendants have made, and continue to make, false and misleading representations in marketing and other materials in an effort to confuse actual and potential customers and compete unfairly with Plaintiff in the marketplace.

14. In particular, Defendants state in marketing and other materials that all of Defendants' materials are approved for potable water contact and are certified to NSF/ANSI Standard 61. On information and belief, this statement is false because the epoxy Defendants use and have used is not and was not approved for the small diameter application in which Defendants use it and have used it.

15. Defendants also make statements that the epoxy materials used by Defendants have been in use worldwide for over 45 years and have been applied to more than 5,000 miles of domestic water lines in the United Kingdom alone. On information and belief, this statement is false and/or misleading because it falsely suggests that the epoxy used by Defendants has been used to such extent in small diameter, potable water applications, which is false.

16. Defendants also state that their process stops all future corrosion of the piping system, which is false.

17. Defendants also state that their pipe restoration service is the "only solution" to prevent slab leaks or other pinhole leaks. This statement is false.

18. Defendants also state that their process results in no waste to landfills. This is false.

19. Defendants also state that they are the only company that specifically targets the repair of single water lines. This statement is false.

20. Defendants have made, and continue to make, these false and misleading statements in an effort to mislead actual and potential customers of Defendants – who are also potential customers of Plaintiff or its licensees – in an effort to steer business away from Plaintiff or its licensees to Defendants.

21. These statements have a tendency to deceive, and on information and belief have actually deceived, a substantial segment of the consuming public. Such deception is material and likely to influence purchasing decisions.

22. Defendants have caused their falsely advertised goods and services to be advertised and/or sold in interstate commerce. On information and belief, Plaintiff has been injured by such false statements by, among other things, the direct diversion of business from Plaintiff and its licensees to Defendants.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement ['149 Patent])**

23. Plaintiff realleges each and every allegation set forth in paragraphs 1

through 22, inclusive, and incorporates them herein by this reference.

24. Defendants have practiced and continue to practice in the United States the method that is described in one or more claims of the '149 patent. As a result, Defendants have infringed and are infringing the '149 patent.

25. On information and belief, Defendants' infringement of the '149 patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Plaintiff's patent rights.

26. Plaintiff has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. Plaintiff will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

27. Moreover, in light of the willful nature of Defendants' conduct, this case should be deemed "exceptional" under the Patent Laws. As a result, in addition to damages, Plaintiff is entitled to enhanced damages and its attorneys' fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – 15 U.S.C. § 1125)

28. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

29. Defendants' false statements in advertising materials and otherwise as described in paragraphs 13 to 22 above, constitute violations of 15 U.S.C. § 1125 of the Lanham Act.

30. Defendants' aforesaid acts constitute deliberate and intentional violations of 15 U.S.C. § 1125, causing damages, as well as irreparable harm to Plaintiff for which there is no adequate remedy at law. Given the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, entitling Plaintiff to its attorneys' fees incurred herein.

## THIRD CLAIM FOR RELIEF

### (California Business And Professions Code §§ 17200 et seq. and 17500)

31. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

32. The foregoing acts and conduct of Defendants described in paragraphs 13 through 22, constitute unfair trade practices and unfair competition under California Business and Professions Code ("Cal. B&P Code") §§ 17200 et seq., and False Advertising under Cal. B&P Code § 17500.

33. Defendants' acts have caused damage to Plaintiff, including incidental and general damages, lost profits, and out-of-pocket expenses. Defendants should therefore be required to disgorge and restore to Plaintiff all profits and other expenses as may be incurred by Plaintiff.

34. Plaintiff further seeks an injunction to enjoin Defendants from continuing such unfair business practices and false advertising.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from further infringement of the '149 Patent;

2. A Judgment by the Court that Defendants have infringed and are infringing the '149 Patent;

3. An award of damages for infringement of the '149 Patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

4. An award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

5. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from publishing false or misleading statements, as alleged herein;

6. That Plaintiff have and recover from Defendants reasonable attorneys' fees, costs and disbursements relating to this action because this is an "exceptional case" pursuant to the Lanham Act;

7. That the Court grant Plaintiff restitution from Defendants by disgorgement of all profits earned through Defendants conduct;

8. For restitution of any money or property Defendants wrongfully obtained, pursuant Business and Professions Code section 17203;

9. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

10. For costs of suit; and

11. For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2011

RUTAN & TUCKER, LLP
RONALD P. OINES
CHELSEA A. EPPS

By: _____
Ronald P. Oines
Attorneys for Plaintiff PIPE RESTORATION TECHNOLOGIES, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiff hereby demands a jury trial in this action.

Dated: February 18, 2011

RUTAN & TUCKER, LLP
RONALD P. OINES
CHELSEA A. EPPS

By: _____
Ronald P. Oines
Attorneys for Plaintiff PIPE RESTORATION TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**SACV11- 296 DOC (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Ronald P. Oines SBN 145016, roines@rutan.com
Chelsea A. Epps SBN 261026, cepps@rutan.com
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626
Telephone: 714-641-5100
Facsimile: 714-546-9035
Attorneys for Plaintiff Pipe Restoration Technologies, LLC

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES, LLC, a Nevada Limited Liability Company,<br>PLAINTIFF(S)<br>v.<br>COAST BUILDING & PLUMBING, INC., a California Corporation d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC; ROY TERRY, an individual; and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV11-00296 DOC (FFMx)**<br><br><br>**SUMMONS** |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Ronald P. Oines, Chelsea Epps</u>, whose address is <u>Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, CA 92626</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 18 2011      By: J. Barrera / Barrera
                             Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS                    American LegalNet, Inc.
                                                              www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PIPE RESTORATION TECHNOLOGIES, LLC, a Nevada Limited Liability Company,

**DEFENDANTS**
COAST BUILDING & PLUMBING, INC., a California Corporation d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC; ROY TERRY, an individual; and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ronald P. Oines SBN 145016 / Chelsea Epps 261026
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626
Telephone: 714-641-5100

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action involving claims of patent infringement undcer Title 35, United States Code, unfair competition under the Lanham Act, 15 U.S.C. Sections 1051 et seq and claims for unfair competition under California statutory law.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 830 Patent |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV11-00296 DOC (FFMx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) — CIVIL COVER SHEET — American LegalNet, Inc. www.FormsWorkflow.com — Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Ronald P. Oines_   Date February 18, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |